72 F.3d 128
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
David Alton EUBANKS, Defendant-Appellant.
 No. 95-7030.
 United States Court of Appeals,
Fourth Circuit.
 Submitted Nov. 16, 1995.
Decided Dec. 11, 1995.
 
 David Alton Eubanks, Appellant Pro Se. John Nicholas Nassikas, III, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.
 Before MICHAEL and MOTZ, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant appeals from the district court's order denying his 28 U.S.C. Sec. 2255 (1988) motion and his motion for reconsideration. We have reviewed the record and the district court's opinions and find no reversible error.
 
 
 2
 Eubanks pled guilty to robbery, in violation of 18 U.S.C. Sec. 2114 (1988), theft of property of the United States, in violation of 18 U.S.C.A. Sec. 641 (West Supp.1995), and use of a firearm in the commission of a felony, in violation of 18 U.S.C.A. Sec. 924(c) (West Supp.1995). In his plea agreement, Eubanks waived his right to appeal. In his current motion, Eubanks alleges that his plea hearing violated Fed.R.Civ.P. 11, that his guilty plea was induced by a coerced confession, and that he received ineffective assistance of counsel.
 
 
 3
 Because his first two claims could have been raised on appeal, Eubanks must demonstrate cause for his failure to appeal and actual prejudice stemming from his procedural default. United States v. Maybeck, 23 F.3d 888, 891 (4th Cir.1994). We find he has demonstrated neither. Neither has he demonstrated actual innocence. See United States v. Frady, 456 U.S. 152 (1982).
 
 
 4
 In addition, we find the record of his Rule 11 hearing belies Eubanks's assertions that the court did not explain the essential elements of the crimes and that the court failed to establish a factual basis for the pleas.
 
 
 5
 With regard to his allegedly coerced confession, Eubanks asserts that he waived his right to appeal this issue based upon erroneous promises by his counsel that a waiver would not extend to this claim. Even if Eubanks demonstrated cause for his default in this regard, he cannot show prejudice from his failure to appeal. If otherwise knowing and intelligent, a guilty plea induced by a coerced confession is not invalid. McMann v. Richardson, 397 U.S. 759, 769 (1970). Therefore, Eubanks suffered no prejudice from his failure to appeal this issue.
 
 
 6
 Because the appeal he wanted to file was meritless, Eubanks did not receive ineffective assistance of counsel when his counsel allegedly failed to preserve and protect his right to appeal. See Bolender v. Singletary, 16 F.3d 1547, 1573 (11th Cir.), cert. denied, 63 U.S.L.W. 3421 (U.S.1994). We affirm the dismissal of the remainder of Eubanks's claims of ineffective assistance of counsel on the reasoning of the district court. United States v. Eubanks, Nos. CR-93-39-A; CA-95-337-AM (E.D. Va. Mar. 21, May 23, & June 7, 1995). We deny Eubanks's motion for appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 7
 AFFIRMED.